# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JANICE L. ATKINSON,
      Appellant,

    v.

DEPARTMENT OF VETERANS
  AFFAIRS,
      Agency.

DOCKET NUMBER
SF-0432-16-0418-I-1

DATE: February 16, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Ray Wilkins</u>, St. Louis, Missouri, for the appellant.

<u>Joseph Manuel Briones</u>, Esquire, Los Angeles, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which sustained her performance-based removal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication consistent with

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

*Santos v. National Aeronautics and Space Administration*, [990 F.3d 1355](#) (Fed. Cir. 2021).

## BACKGROUND

¶2    The following facts, as further detailed in the initial decision, are not in dispute.  The appellant most recently held the position of Rating Veterans Service Representative in the agency's San Diego office—a position that generally involved adjudicating claims for veterans' benefits.  Initial Appeal File (IAF), Tab 11 at 51-52, Tab 35, Initial Decision (ID) at 1-2.  The performance plan for that position included four critical elements, with one being "Quality."  ID at 2; IAF, Tab 11 at 51-52.

¶3    In June 2014, the agency reassigned the appellant to a different team and, as a result, she began reporting to a new supervisor.  ID at 12; IAF, Tab 21 at 2-3.  Beginning in March 2015, her new supervisor measured the appellant's Quality and found that it fell below the acceptable accuracy rate of 92%.  ID at 3.  Subsequently, in June 2015, the agency placed the appellant on a 90-day performance improvement plan (PIP).  ID at 4; IAF, Tab 10 at 114-18.

¶4    In November 2015, the agency proposed the appellant's removal, based on her failure to improve and demonstrate acceptable performance in the critical element of Quality.  ID at 5-6; IAF, Tab 10 at 34-36.  The deciding official sustained her removal, effective March 20, 2016.  ID at 6; IAF, Tab 8 at 52-55.

¶5    The appellant challenged her performance-based removal in the instant appeal.  ID at 6.  After developing the record and holding the requested hearing, the administrative judge affirmed the removal.  She found that the agency met its burden to prove the charge, ID at 7-13, and the appellant did not prove any of the affirmative defenses she asserted, ID at 13-41.  The administrative judge also found the appellant's remaining arguments, concerning due process and mitigation of the penalty, unavailing.  ID at 41-42.

¶6      The appellant has filed a petition for review, in which she challenges the administrative judge's determination to sustain the charge.  Petition for Review (PFR) File, Tab 1 at 2-3.  She also presents arguments pertaining to her selection for team reassignment in June 2014, a 90-day acclimation period following this reassignment, and her participation in the Employee Assistance Program (EAP), all of which appear to be harmful error claims.  *Id.* at 1-2.  Finally, the appellant disagrees with the administrative judge's denial of her disability discrimination claim while also asserting that the administrative judge failed to address the agency's purported delay in issuing a decision on a reasonable accommodation request.[2]  *Id.* at 1-4.  The agency has filed a response to the petition for review. PFR File, Tab 3.

## ANALYSIS

Remand is required in light of *Santos*.

¶7      At the time the initial decision was issued, the Board's case law stated that, to prevail in an appeal of a performance-based removal under chapter 43, the agency must establish the following by substantial evidence:  (1) the Office of Personnel Management (OPM) approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards were valid under 5 U.S.C. § 4302(b)(1); (4) the agency warned the appellant of the inadequacies of her performance during the appraisal period and gave her a reasonable opportunity to demonstrate acceptable

---

[2] The appellant does not challenge the administrative judge's denial of her claim that the June 2014 reassignment was based on her disability and improper retaliation.  IAF, Tab 21 at 2-3, Tab 23 at 4.  In addition, she does not revisit the administrative judge's denial of her due process claim or reassert that the penalty of removal should have been mitigated.  We decline to revisit the administrative judge's well-reasoned findings concerning these matters on review.  ID at 33-37, 39-42; *see Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 6 (2010) (observing that the Board has no authority to mitigate a removal taken under chapter 43).

performance; and (5) the appellant's performance remained unacceptable in one or more of the critical elements for which she was provided an opportunity to demonstrate acceptable performance. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 5 (2010).[3]  Substantial evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. § 1201.4(p).  The administrative judge found that the agency proved these elements. ID at 7-13.

¶8     On review, the appellant argues that the agency did not provide her with a meaningful opportunity to meet the applicable performance standards, PFR File, Tab 1 at 3, implicating the fourth element described above.[4]  Specifically, the appellant contends that the agency did not provide her with "proper training," a "90-day acclimation period after training," or additional training required by her PIP and union agreement. *Id*.  We are not persuaded.

¶9     In determining whether the agency has afforded an appellant a reasonable opportunity to demonstrate acceptable performance, relevant factors include the nature of the duties and responsibilities of her position, the performance deficiencies involved, and the amount of time which is sufficient to enable the employee to have an opportunity to demonstrate acceptable performance. *Lee*, 115 M.S.P.R. 533, ¶ 32.  However, the Board has recognized that an agency is not obligated to provide formal training to an employee to satisfy the requirement

---

[3] We recognize that the administrative judge described the agency's burden somewhat differently than we have in this decision.  ID at 7-8.  However, the requirements remained the same.  We are simply utilizing the description found in more recent Board decisions. *See, e.g.*, *White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 5 (2013); *Lee*, 115 M.S.P.R. 533, ¶ 5.

[4] The administrative judge found that the agency met its burden regarding the other elements as well—OPM approved its appraisal system, the agency communicated the standards to the appellant, the standards were valid, and the appellant's performance remained unacceptable.  ID at 8-12.  The appellant's petition for review contains no challenge to those findings, and we decline to disturb them.

that it provide a reasonable opportunity to improve. *Corbett v. Department of the Air Force*, 59 M.S.P.R. 288, 290 (1993).

¶10    The administrative judge considered the available evidence, including the PIP itself, the appellant's testimony, her supervisor's testimony, and PIP meeting notes, to find that the agency provided the appellant with a reasonable opportunity to improve. ID at 4-5, 10-13; *see* IAF, Tab 10 at 70, 72, 84, 105, 116-18, Tab 29, Hearing Compact Disc (HCD1) (testimony of the appellant and her supervisor). She found that, *inter alia*, the agency provided the appellant with a 90-day PIP period, a mentor to answer technical questions throughout the PIP, and regular progress meetings. ID at 11-12.

¶11    The administrative judge did not credit the appellant's general assertion that the agency failed to provide her with appropriate training. ID at 12-13. She noted that the appellant consistently denied the need for additional training in PIP meetings with her supervisor, as evidenced by numerous contemporaneous PIP meeting notes and hearing testimony. ID at 4-5, 12-13; *compare* IAF, Tab 10 at 117 (PIP notice, indicating that the appellant was fully trained but offering to consider any specific training needs if the appellant identified them), *with id.* at 70, 72, 84, 105 (contemporaneous notes from PIP progress meetings, indicating that the appellant repeatedly denied needing additional training), *and* HCD1 (testimony of the appellant's supervisor). The appellant's general reassertion that the agency failed to provide appropriate training does not warrant disturbing the administrative judge's findings on that point. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (recognizing that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so). We agree with the administrative judge's conclusion that the agency provided the appellant with a reasonable opportunity to improve. *See Towne v. Department of the Air Force*, 120 M.S.P.R.

239, ¶¶ 18-20 (2013) (finding that an employee was provided with an opportunity to improve when she received detailed written feedback and her supervisor held regular meetings during the PIP to provide feedback and respond to questions).

¶12    Although the appellant has identified no basis for us to disturb the administrative judge's findings regarding the agency proving the elements described above, we must remand this appeal for the agency to prove an additional element of its charge. During the pendency of the petition for review in this case, the U.S. Court of Appeals for the Federal Circuit held in *Santos*, 990 F.3d at 1360-61, 1363, that in addition to the five elements of the agency's case set forth above, the agency must also "justify the institution of a PIP" by proving by "substantial evidence that the employee's performance was unacceptable . . . before the PIP." The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16. Accordingly, we remand the appeal to give the parties the opportunity to present argument and additional evidence on whether the appellant's performance during the period leading up to the PIP was unacceptable in one or more critical elements. *See id*, ¶¶ 15-17. On remand, the administrative judge shall accept argument and evidence on this issue and shall hold a supplemental hearing if appropriate. *Id*., ¶ 17.

## The appellant failed to establish a harmful procedural error.

### *Training*

¶13    As discussed above, the appellant raises allegations regarding her training before and during the PIP. PFR File, Tab 1 at 3. Specifically, she claims that following her June 2014 team reassignment the agency failed to provide her with "a 90-day acclimation period" as required by agency policy. *Id.* at 3, 19-20. She also alleges that the agency did not comply with PIP training requirements set forth in the applicable collective bargaining agreement. *Id.* at 3. We have separately considered these as potential harmful error claims. *Id.* at 3, 19-20; *see*

5 C.F.R. §§ 1201.4(r), 1201.56(c)(1) (explaining that the Board must reverse an action if the appellant shows that the agency's error in applying its procedures in arriving at its decision is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error). However, the arguments are unavailing for a number of reasons.

¶14     First, although the appellant did allege a number of harmful errors and training concerns below, it appears that these allegations were not among them. *Compare* PFR File, Tab 1 at 3, *with* IAF, Tab 21 at 6-7, Tab 23 at 3-5, Tab 25 at 2-4; *see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (recognizing that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Next, as to the appellant's claim that she was not given training required by her union contract, a petition for review must contain sufficient specificity for the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record. *Thompson v. Department of the Army*, 122 M.S.P.R. 372, ¶ 10 (2015). Because the appellant has failed to identify where the training provision is in the record or explain what it requires, we decline to consider this argument further.

¶15     Further, as to the 90-day acclimation period, the appellant has provided a copy of the agency's policy for the first time on review. PFR File, Tab 1 at 19; *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (recognizing that the Board will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence). It provides, as applicable here, that individuals changing from one team to another will not be subject to any performance-based action for the first 90 days of their assignment. PFR File, Tab 1 at 19. Even if we were to consider the appellant's new evidence and argument regarding the acclimation policy, we find that she has failed to identify any agency error. The policy is

inapplicable because it is dated after the agency proposed her removal, *compare* IAF, Tab 10 at 34-36 (November 2015 proposal to remove the appellant), *with* PFR File, Tab 1 at 19 (February 2016 memorandum with "[t]he purpose of . . . establish[ing] policy for the rotation and reassignment of employees"), and the agency did not propose the appellant's removal within 90 days of her June 2014 team reassignment, IAF, Tab 21 at 3; PFR File, Tab 1 at 19.

       *EAP*

¶16      On review, the appellant also argues that the administrative judge erred in finding that that she only attended two EAP sessions. PFR File, Tab 1 at 2. She alleges that, as a result of her participation in the EAP, the agency's collective bargaining agreement required that her removal be held in abeyance. *Id*. Again, we are not persuaded.

¶17      The appellant supports her argument with a new document, submitted for the first time on review. *Id*. at 8. Although the document itself is dated after the initial decision, the information contained is not new—the document merely identifies seven dates on which the appellant attended appointments covered by the EAP, all of which occurred after the agency proposed her removal and before the close of record below. *Id*.; *see Avansino*, 3 M.S.P.R. at 214; *see also Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989) (observing that to constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed). Moreover, even if the evidence were new, the appellant has failed to establish that it is material. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (finding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

¶18      The administrative judge recognized below the pertinent provision of the collective bargaining agreement. ID at 38-39. While the provision indicates that the agency will hold proposed corrective actions in abeyance for an employee to

attend EAP sessions and successfully complete treatment, it further states that, "the [EAP] program is not intended to shield employees from corrective action in all instances." IAF, Tab 23 at 10. The administrative judge found that the agency offered the appellant EAP assistance months earlier, but the appellant did not avail herself of that program until several months after the agency proposed her removal. ID at 39. Under the circumstances, the administrative judge concluded that the appellant's participation in the EAP was an attempt to shield herself from removal. *Id.* For that reason and others, the administrative judge found that the provision of the collective bargaining agreement regarding the EAP did not apply to the appellant's situation. ID at 38-39. The appellant's evidence submitted for the first time on review does not support a different conclusion. PFR File, Tab 1 at 8.

*Seniority*

¶19     The appellant also reasserts that her deficient performance was attributable to her June 2014 team reassignment and seniority rules dictated that a more junior coworker should have been reassigned instead of the appellant. *Id.* at 2. The administrative judge found on the record below that the appellant's coworker had greater seniority because she had been a Rating Veterans Service Representative longer than the appellant. ID at 37.

¶20     On review, the appellant submits a memorandum of understanding defining seniority as an employee's enter-on-duty date with the regional office to which the appellant and her coworker were assigned. PFR File, Tab 1 at 12. However, she failed to present this evidence below. As previously recognized, the Board generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino*, 3 M.S.P.R. at 214. Because the appellant failed to show that this memorandum of understanding, which is dated February 2012, was

previously unavailable, we decline to consider it.  *See* PFR File, Tab 1 at 12. Accordingly, we find that she has failed state a basis for granting review.[5]

The appellant failed to establish disability discrimination.[6]

¶21     The appellant's final arguments on review concern her disability discrimination claim.  She alleges that the administrative judge refused to recognize her as disabled, instead substituting her own opinion for that of the appellant's physicians.  PFR File, Tab 1 at 1-4.  This argument reflects a misunderstanding of the administrative judge's analysis.

¶22     To prove disability discrimination, an appellant first must establish that she is an individual with a disability by showing that she:  (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such impairment; or (3) is regarded as having such an impairment, as that term is defined in the applicable regulations.  *Thome v. Department of Homeland Security*, 122 M.S.P.R. 315, ¶ 24 (2015).  Despite the appellant's suggestion to the contrary, the administrative judge found that the appellant met this requirement based on her depression and anxiety disorders.  ID at 24.

---

[5] Even if the appellant had shown that the agency committed procedural error in reassigning her, she failed to submit evidence that the error was harmful.  *See Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991) (recognizing that harmful error cannot be presumed; an agency error is harmful only when the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error).  While the appellant alleged below that the Quality standard was easier to meet on her previous team, the standard was the same.  IAF, Tab 10 at 5, 7.  Further, less than a year before her reassignment, the appellant's supervisor warned her that she was failing on her production standard and threatened to place her on a PIP.  IAF, Tab 21 at 2-3.  Although the appellant was able to improve her performance and avoid being placed on a PIP, the circumstances do not suggest that the appellant likely would have been successful had she remained on her previous team.  *Id.* at 3.

[6] Below, the only discrimination claims the appellant presented were those based on disability.  IAF, Tab 24 at 2-3.  Therefore, to the extent that the appellant is attempting to raise race or sex discrimination claims for the first time on review, *see* PFR File, Tab 1 at 4, we will not consider them, *see Banks*, 4 M.S.P.R. at 271.

¶23     An appellant also must establish, inter alia, that she was a qualified individual with a disability. 29 U.S.C. § 794(a); *see Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 10 (2014) (recognizing this requirement in the context of a disability discrimination claim based on a failure to accommodate); 29 C.F.R. § 1630.4(a)(1) (prohibiting discrimination against such an individual). With exceptions not applicable here, the term "qualified" means that the individual satisfies the requisite skill, experience, education and other job-related requirements of the employment position the individual holds or desires and, with or without reasonable accommodation, can perform the essential functions of such position. 29 C.F.R. § 1630.2(m). The administrative judge found that the appellant failed to prove this element of her disability discrimination affirmative defense because the record showed that she could not perform the essential "Quality" standard of her position with or without accommodation.[7] ID at 24-26.

¶24     In her petition, the appellant appears to concede that she was unable to meet the Quality standard of her position, and she has not identified any accommodation that would have allowed her to meet that standard. PFR File, Tab 1 at 3-4. Instead, she suggests that the agency should have offered her a reassignment. *Id*. at 1, 4. However, the appellant has failed to identify any position that was vacant and within her abilities. *See Clemens*, 120 M.S.P.R. 616, ¶¶ 10, 17 (recognizing that an appellant bears the burden of proving that a requested accommodation existed and was reasonable and finding that an appellant failed to meet that burden when he asserted that the agency could have reassigned him without identifying any available positions). The administrative

---

[7] The administrative judge further found that the appellant did not prove her allegations that the agency failed to accommodate her, ID at 26-27, failed to follow its reasonable accommodation procedures, ID at 27-28, or failed to follow its policies regarding reassignment as a last resort, ID at 28-29. The administrative judge also found that the appellant failed to prove that any valid comparators were treated more favorably. ID at 30-33. Except for those arguments discussed herein, the appellant has not challenged these findings and we decline to disturb them.

judge considered two reassignment requests the appellant made prior to her removal. ID at 18-25. The first was a request to be moved to a different team while maintaining her existing Rating Veterans Service Representative position, and the second was a request for reassignment to a Supervisory Veterans Service Representative position. IAF, Tab 9 at 78-81, Tab 10 at 17, 19. The administrative judge found that the agency properly denied both requests because, *inter alia*, each position had the same Quality standard—a standard the appellant was unable to meet. ID at 25; *see Byrne v. Department of Labor*, 106 M.S.P.R. 43, ¶ 7 (2007) (recognizing that reasonable accommodation does not require an agency to lower production or performance standards); *Clemens v. Department of the Army*, 104 M.S.P.R. 362, ¶ 27 (2006) (same). In the absence of any argument or evidence to the contrary, we agree. Accordingly, we find no basis for disturbing the administrative judge's findings concerning the alleged disability discrimination.

¶25 Separately, the appellant appears to reassert an argument she raised below, concerning the agency's delay in responding to her February 2, 2016 reasonable accommodation request. PFR File, Tab 1 at 4; *see* IAF, Tab 21 at 7. However, the relevance of this purported delay is not apparent under the circumstances, given that the appellant appears to concede that she could not perform the essential functions of her position, with or without accommodation. *See supra*, ¶ 24. Moreover, the policy the appellant relies on provides that accommodation requests "should ordinarily be processed within thirty (30) calendar days, not counting the time waiting for medical documentation." PFR File, Tab 1 at 17. Although the administrative judge did not specifically address that policy, she did conclude that the agency responded to the appellant's reasonable accommodation requests promptly, ID at 26, and we agree. The record shows that the agency quickly and continually engaged with the appellant, each time she requested accommodation. *See, e.g.*, IAF, Tab 11 at 54-64. Specific to the February 2, 2016 request she refers to on review, the agency immediately responded, provided

interim accommodations, and continued to seek additional information from the appellant and her physician, up through her March 2016 removal. *E.g*., IAF, Tab 8 at 58-62, Tab 9 at 14-15, 41-43, 53-58. Therefore, to the extent that the appellant suggests that this interactive process amounted to disability discrimination or some other dispositive impropriety, we are not persuaded.

¶26      In conclusion, the arguments the appellant presented on review are unavailing. Nevertheless, we must remand this decision in light of *Santos*. On remand, the administrative judge shall accept argument and evidence on this issue and shall hold a supplemental hearing if appropriate. *Lee*, 2022 MSPB 11, ¶ 17. The administrative judge shall then issue a new initial decision consistent with *Santos*. *See id*. If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate her prior findings on the other elements of the agency's case and the appellant's affirmative defenses in the remand initial decision. *See id*. However, regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's pre-PIP performance affects the administrative judge's analysis of the appellant's affirmative defenses, she should address such argument or evidence in the remand initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

**ORDER**

¶27      For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    /s/ for

                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.